HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MOHAMED MOHAMED,<br><br>    Defendant. | CASE NO. 2:23-cr-00053-RAJ<br><br>ORDER ON DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Defendant Mohamed Mohamed ("Defendant")'s Motion to Withdraw His Guilty Plea. Dkt. # 244. Plaintiff United States of America ("the Government") filed a Response, to which Defendant replied. Dkt. ## 247, 249.

For the reasons set forth below, the Court **DENIES** Defendant's Motion.[1]

## II.    BACKGROUND

Although the factual background of this case is of less importance than the specific grounds under which Defendant brings his Motion and the accompanying documents, the Court will discuss them briefly. In November 2022, a Washington State patrol trooper

---

[1] The Court has already denied the Motion, but it indicated that a substantive order setting forth the factual and legal bases for its decision was forthcoming. Dkt. # 250.

ORDER – 1

stopped a vehicle for reckless driving. Dkt. # 247-5 at 3. Troopers subsequently executed a search warrant on the vehicle, the driver of which was Defendant. *Id*. During their search, troopers found a stolen firearm, roughly 4,000 fentanyl pills, and drug packaging material. *Id*. In the months that followed, investigators discovered that Defendant was part of a larger group of Seattle-based individuals who continually trafficked fentanyl in Whatcom County. *Id*. Officers arrested Defendant once more in March 2023 for possession of a handgun and approximately 10,000 fentanyl pills. *Id*.

Following his arrest pursuant to a federal warrant, Defendant had his initial appearance and detention hearing before Magistrate Judge Paula McCandlis on April 3, 2023. Dkt. # 18. Judge McCandlis ordered the detention of Defendant pending trial. *Id*. Throughout the majority of this case, Abigail Cromwell ("Ms. Cromwell") represented Defendant, although Jesse Cantor appeared in her place for the initial appearance. *Id*. Later that month, a grand jury returned an indictment charging Defendant with seven firearm and drug-related offenses. Dkt. # 31.

On January 22, 2024, Ms. Cromwell represented Defendant during his change-of-plea hearing ("the hearing") held before Magistrate Judge S. Kate Vaughan. Although the Court will discuss the plea colloquy between Defendant and Judge Vaughan, *infra*, Judge Vaughan placed him under oath, advised him of his rights and penalties, and accepted his guilty plea. Specifically, Defendant pleaded guilty to two counts of possession of fentanyl with intent to distribute, two counts of unlawful possession of a firearm, and one count of carrying a firearm during a drug trafficking crime. Dkt. ## 158, 160.

In August, the Court granted Defendant's Motion to Substitute Attorney, and Albie Didcock assumed representation of Defendant. Dkt. # 225. Defendant brought the instant Motion on March 4, 2025, and now seeks withdrawal of his guilty plea. Dkt. # 244.

### III.  LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), district courts have discretion to permit the withdrawal of a guilty plea after the court has already accepted it

ORDER – 2

if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The burden of establishing a "fair and just reason" rests with the defendant. *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003). Examples of fair and just reasons for withdrawal "include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Briggs*, 623 F.3d 724, 728 (9th Cir. 2010) (internal quotation marks and citation omitted); *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008). Permitting a defendant to withdraw his guilty plea for any reason would "debas[e] the judicial proceeding at which a defendant pleads and the court accepts his plea" and "degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *United States v. Hyde*, 520 U.S. 670, 676 (1997).

Although the Ninth Circuit has elucidated that district courts may apply the "fair and just reason" standard liberally, it has emphasized that "withdrawal is, as it ought to be, the exception" rather than the rule. *United States v. Ensminger*, 567 F.3d 587, 595 (9th Cir. 2009). As opposed to self-serving claims, "[s]olemn declarations in open court carry a strong presumption of verity." *United States v. Rubalcaba*, 811 F.2d 491, 444 (9th Cir. 1987). Fair and just reasons do not include a change of heart – even a good faith change of heart. *United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987). A defendant's belief that the government had a weaker case than he originally thought does not constitute a fair and just reason to withdraw his guilty plea. *United States v. Showalter*, 569 F.3d 1150, 1155–56 (9th Cir. 2009).

### IV.  DISCUSSION

Defendant's Motion falls well short of the fair and just reason standard, as Defendant hinges his argument almost entirely on self-serving statements without any independent, verifiable proof. Defendant's prior attorney, who, contrary to Defendant's belief, is in the best position to evaluate whether he was impaired during the hearing,

ORDER – 3

contradicts his statements. Additionally, the authority cited by Defendant actually sullies, as opposed to buttresses, his argument, as the lone federal case cited could not be more inapposite to the instant matter. These factors compel the Court to deny Defendant's Motion.

### A. Ms. Cromwell's Affidavit

Defendant's primary argument is that he was under the influence of narcotics and intoxicated during the hearing and while discussing the plea agreement with counsel, thus rendering him unable to comprehend the consequences of accepting the Government's plea offer. Dkt. # 244 at 6.

The Court views Ms. Cromwell, prior counsel for Defendant, as the best source to evaluate the veracity of this claim. Ms. Cromwell represented Defendant from the date of his initial appearance through August 16, 2024, a time period spanning over sixteen months. Dkt. # 247-4 at 2. In her sworn affidavit, she testifies that she spoke with him "at times every day, or every other day." *Id*. During negotiations with the Government, which included multiple offers and counteroffers, Defendant "was actively involved in his case throughout this time." *Id.* at 3. Ms. Cromwell states that Defendant expressed his wish to accept the Government's final offer. *Id*. She notes that Defendant "was very clear in his wishes and in his desire to have this new offer. At the time, it seemed incontrovertible that he was making an informed decision and was, in fact, in total agreement with this outcome." *Id*.

Ms. Cromwell flatly rejects any idea that Defendant appeared intoxicated or impaired at the hearing, swearing the following:

> At the plea hearing, Mr. Mohamed seemed his usual self. He did not seem to me to be under the influence of alcohol or drugs, or suffering from any ailment, whether physical, mental, or psychological. As of the time of this plea, I had been working with Mr. Mohammed for nine months, and we had many points of contact throughout that time, such that I believe I would have noticed if anything had seemed out of the ordinary with him.

ORDER – 4

*Id.* at 3. She asserts that she would have stopped the hearing if she felt otherwise, and Defendant never told her he had access to drugs while in prison. *Id.* The Court concurs with the Government that Ms. Cromwell is in the best position to judge whether Defendant was impaired during the plea negotiations or at the hearing and whether he accepted the plea offer knowingly, intelligently, and voluntarily. Dkt. # 247 at 9. Defendant's argument in his Reply is that he is the best source to testify as to his intoxication. Dkt. # 249. Defendant ignores an underlying axiom: whereas Ms. Cromwell has nothing to gain from her testimony, Defendant is offering his self-serving statement as a means to justify a potential change of heart after the plea, which is not a fair and just reason for its withdrawal. *See Rios-Ortiz*, 830 F.2d at 1069.

### B. Defendant's Cited Authority

Defendant cites to one federal case he believes supports his argument. However, the case is vastly inapposite to the present facts. In the case, officers arrested the defendant, read him his *Miranda* rights, and questioned him. *See United States v. Herbert*, No. 2:23-cr-143-JNW, 2024 WL 664425, at *1–2 (W.D. Wash. Feb. 16, 2024). The officers directly observed the defendant smoking fentanyl and slouching over before arresting him. *Id.* at *2. Accordingly, there was direct evidence that the defendant was suffering from acute fentanyl intoxication when he waived his *Miranda* rights. Here, there is no direct evidence, other than Defendant's self-serving statements, that he was intoxicated. The citation to *Herbert* does not assist Defendant's argument, but rather hinders it given the clear distinctions.

### C. Plea Colloquy

The Government avers that "[i]t is inconceivable that Magistrate Judge Vaughn, if she sensed or believed that [Defendant] was impaired in any way would have allowed the proceedings to continue without, at a bare minimum, conducting an inquiry about her concerns with either defense counsel or [Defendant] himself." The Court concurs, as such a practice is common if the presiding judge has any doubts about a defendant's capacity to

ORDER – 5

plead guilty. Judge Vaughan never conducted this inquiry, leading the Court to deduce that she did not find Defendant to be impaired or intoxicated. The transcript of the proceeding comports with this logic. During the hearing, Judge Vaughan asked Defendant numerous questions to ensure that his plea was knowing, intelligent, and voluntary, such as if he understood the plea agreement, if he had any questions, and if he was coerced. Dkt. # 247-2 at 19–21. Judge Vaughan then found that Defendant was "fully competent and capable" of entering his plea. *Id.* at 22.

Defendant's Reply concerning the Government's failed application of Rule 11 is misguided. The Court is not using the transcript of the hearing to find that Defendant's plea was valid. Dkt. # 249 at 5. Instead, the transcript is one of many factors the Court considers in determining whether Defendant has met the burden of establishing a fair and just reason for requesting a withdrawal of his guilty plea. The colloquy offers no indication that Defendant was impaired or intoxicated.

### D. Direct Evidence

Finally, there is no direct evidence to justify the withdrawal of Defendant's guilty plea. Defendant offers numerous facts to show that he used drugs in prison, including (1) guards finding three small pieces of paper saturated in an unknown substance in a cell Defendant shared with his inmate that tested positive for methamphetamine, (2) his positive test for controlled substances, and (3) his alleged attempt to arrange drugs to be smuggled into the prison more than a year after his guilty plea. Dkt. # 244 at 8–10. As the Government aptly posits, this evidence does not establish that Defendant was impaired or intoxicated during his January 2024 plea hearing or in the months before the plea when he was reviewing the Government's offer with Ms. Cromwell.

The Government correctly addresses the missing link, which is the temporal element of the evidence. "[S]imply because an inmate obtained and used drugs on one occasion and was in the presence of contraband on another, or that an inmate tried and failed to have drugs smuggled into the [prison], does not mean the inmate had *constant* access to drugs

ORDER – 6

or was *constantly or consistently* impaired." Dkt. # 247 at 6–7 (emphasis added). There is simply no conclusive evidence that Defendant was impaired during the hearing or while discussing the plea offer with Ms. Cromwell. Defendant's Reply does not offer anything of significance to change the Court's position, as it includes an irrelevant argument about compliance with the Local Rules and a vague allusion to the need for an evidentiary hearing, the latter of which is unnecessary.

### V.  CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Defendant Mohamed Mohamed's Motion to Withdraw His Guilty Plea. Dkt. # 244.

DATED this 8th day of May, 2025.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7